IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GABB, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-CV-119-NJR-DGW ) |
| MIKE GEIER and STEPHEN DUNCAN, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a *pro se* Motion to Reconsider the Court's Ruling on Summary Judgment for the Defendants filed by Plaintiff Tyrone Gabb ("Gabb") (Doc. 38). For the reasons set forth below, the Court denies the motion.

## Background

Gabb alleges that Defendants Mike Geier ("Geier") and Stephen Duncan ("Duncan") subjected him to unsanitary conditions in his cell when his toilet stopped working and Defendants failed to fix it for eleven days. On March 29, 2018, the Court granted summary judgment in favor of Defendants Geier and Duncan (Doc. 36). The Court concluded that there was no evidence to which a jury could find either defendant was aware of the problem with the toilet and was deliberately indifferent to Gabb's needs. On April 23, 2018, Gabb filed a Motion to Alter or Amend the Judgment (Doc. 38).

## Analysis

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment only if

the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. *See Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 814 (7th Cir. 2012). "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Id.* at 813 (internal citation and quotation marks omitted). The decision to grant or deny a Rule 59(e) motion is entrusted to the "sound judgment" of the district court. *Id.* Rule 59 should not be used to advance arguments or theories that could have been made prior to the district court rendering a judgment. *Id*. Nor should it be used to reassert previously rejected arguments. *See Vesely v. Armslist L.L.C.*, 762 F.3d 661, 666 (7th Cir. 2014). Motions pursuant to Rule 59(e) should only be granted in rare circumstances. *See Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir. 1990).

Gabb argues that the Court gave Defendant Geier's affidavit and Sharon Pierce's affidavit more credibility than Gabb's deposition testimony. More specifically, Gabb argues that he testified at his deposition that other unnamed staff members told him that they were told that a work order had been placed (*Id.*). This statement, however, is double hearsay that cannot be considered at the motion for summary judgment stage. *See Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir. 1997) ("hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial").

As the Court mentioned previously, Plaintiff stated at his deposition that he had no knowledge as to when Geier became aware of the problem with the toilet (Doc. 31-1, p. 8). Defendant Geier stated in his affidavit that it was his practice to document verbal work orders by writing up a work order himself (Doc. 33-1, p. 24). There was a written work order, dated July 6, 2015, regarding the toilet in cell "R3CL7," filed with the

Maintenance Department's records (Doc. 38, p. 16-17). Based on all of the evidence, the Court concluded that a jury could not find that Defendant Geier was deliberately indifferent to Gabb's needs regarding the toilet.

Gabb also argues that the unexplained five-day delay from the time that the emergency grievance was submitted to the time that it was logged is a key fact as to Defendant Duncan's knowledge. The Court disagrees that this fact indicates that Defendant Duncan was aware of the problem with the toilet.

Gabb submitted an emergency grievance regarding the toilet on July 1, 2015 (Doc. 31-1, p. 7). He submitted this grievance by sticking it through his cell door, and an officer picked it up (*Id.*). Gabb received a response to the grievance from Defendant Duncan on July 7, 2015, after the toilet had been fixed (*Id.*). Sharon Pierce, the casework supervisor at Lawrence Correctional Center, stated in her affidavit that the Clinical Services Office logs the date that the emergency grievance is received and then forwards the grievance to the Warden's Office for review (Doc. 33-1, p. 29). She also explained that emergency grievances are not processed or logged over the weekend or during holidays because Clinical Staff are not at Lawrence Correctional Center on those days (*Id.*). Lastly, she explained that she reviewed the Lawrence Correctional Center emergency grievance log and it indicated that an emergency grievance from Gabb was received on July 6, 2015 and sent to the Warden's Office on July 7, 2015 (*Id.*).

Gabb submitted his grievance on July 1, 2015, which was the Wednesday before Fourth of July weekend. The grievance was not logged by the Clinical Services Office until the following Monday, July 6, 2015. As the Court mentioned previously, although

there was an unexplained delay in logging the grievance, this fact, by itself, does not indicate that Defendant Duncan had knowledge of the problem.

The Court did not weigh evidence and determine credibility, as Gabb suggests. Instead, the Court construed all evidence in favor of Gabb, as a Court must do at the summary judgment stage, and ultimately determined that a jury could not reasonably find that Defendants Geier and Duncan had knowledge of the problem with the toilet. Because Gabb has not stated any grounds for relief under Rule 59(e), and the Court remains persuaded that it was correct in granting summary judgment for the Defendants, the Court denies the motion.

## Conclusion

For the reasons set forth above, the Court **DENIES** the Motion to Alter Judgment (Doc. 38).

**IT IS SO ORDERED.**

**DATED:** January 16, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**